IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LATOYA LACHELLE CARTER ROBINSON | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| | : | CAFN: 20-CV-37 |
| VS. | : | JURY TRIAL DEMANDED |
| | : | |
| SOUTH EAST CARRIERS, INC. | : | |
| | : | |
| | : | |
| DEFENDANT. | : | |

## COMPLAINT FOR DAMAGES

Jury Trial Demanded

COMES NOW, Plaintiff and shows this Honorable Court the following:

1.

Jurisdiction is founded upon Diversity of Citizenship and Jurisdictional Amount. Plaintiff is a resident of the State of Georgia and Defendant South East Carriers, Inc. is organized and existing under the laws of a state other than the State of Georgia. The amount in controversy exceeds, exclusive of cost and interest, the sum of $75,000.00.

Venue is proper in the Macon Division of the Middle District of Georgia as Defendant's agent and employee committed a tortious act therein and Defendant is subject to the venue provisions of the Georgia Non-Resident Motorist Act.

2.

Plaintiff Latoya Lachelle Carter Robinson was the mother of Kearsten Ja-ki Robinson, deceased, who died unmarried and without issue. Plaintiff Robinson is a proper party to bring an action for the wrongful death of her daughter pursuant to Georgia law.

3.

At all times pertinent hereto Defendant South East Carriers, Inc. (hereinafter referred to as Defendant South East) was a motor common carrier carrying freight for hire in the state of Georgia and in states other than the state of Georgia.

4.

At all times pertinent hereto Georgia Kay Harris was an agent and employee of Defendant South East and was operating within the scope of her employment in furtherance of the business interest of Defendant South East.

5.

On March 30, 2019 at approximately 10:00PM Plaintiff's deceased daughter Kearsten Ja-ki Robinson, was a passenger in an automobile being driven by Precious Arei'anna Waters in a southerly direction on Woolfolk Road approaching the intersection of Woolfolk Road and Georgia Highway 49 Connector.

6.

At the aforementioned time Defendant's agent and employee Harris was driving a tractor trailer owned by Defendant South East in an easterly direction in the outside (right) lane of Georgia Highway 49 Connector also approaching the intersection of Woolfolk Road and Georgia Highway 49 Connector.

7.

Georgia Highway 49 Connector in the area of Woolfolk Road, is a four-lane highway divided by a median.

8.

The automobile in which Plaintiff's deceased daughter was a passenger failed to yield the right-of-way at the intersection of Woolfolk Road and Georgia Highway 49 Connector as required by the traffic control device at said intersection and crossed the two westbound lanes of Georgia Highway 49

Connector, the median and inside lane of the eastbound lanes of Georgia Highway 49 Connector and into the outside eastbound lane where the tractor trailer being operated by Defendant South East's agent and employee collided with the vehicle causing fatal injuries to Plaintiff's daughter.

9.

No negligence on the part of Precious Arei'anna Waters is attributable to Plaintiff's daughter.

10.

The driver of the tractor trailer rig owned by Defendant South East had been speeding in violation of the 55 mile per hour speed limit governing speed on Georgia Highway 49 Connector prior to the collision referred to herein above.

11.

The driver of the tractor trailer rig owned by Defendant South East was speeding in violation of the 55 mile per hour speed limit governing speed on Georgia Highway 49 Connector at the time of the collision referred to herein above.

12.

There is no evidence that Defendant South East's agent and employee took measures to avoid the collision which claimed the life of Plaintiff's daughter.

13.

Had the agent and employee of Defendant South East been operating the tractor trailer in a safe manner the negligence of Precious Arei'anna Waters could have been avoided.

14.

Although Precious Arei'anna Waters' failure to yield the right of way was the initial negligent act, her act was compounded by the negligence of the agent and employee of Defendant South East and thus the negligence of the agent and employee of Defendant South East was a proximate cause of the death of Plaintiff's daughter.

15.

At the time of her death Kearsten Ja-ki Robinson was 19 years old and had a life expectancy in excess of sixty (60) years according to the mortality tables admissible in wrongful death actions in the State of Georgia.

WHEREFORE Plaintiff respectfully demands judgement against Defendant South East Carriers, Inc. in the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00) together with costs of this action. Additionally, Plaintiff respectfully demands a jury trial of all issues triable by a jury and such other and further relief as allowed by law.

Respectfully submitted,

/s/ Del Percilla, Jr.
DEL PERCILLA, JR.
Attorney for Plaintiff
State Bar No.: 571950

Percillalaw, LLC
502 N. Jackson Street
Albany, Georgia 31701
Telephone:  229-432-5883
Fax:  229-338-7030
E-mail:  delp@percillalaw.com

/s/ Patrick Eidson
(w/ Express Permission)
PATRICK EIDSON
Attorney for Plaintiff
State Bar No.: 242518

The Eidson Firm
PO Box 570
Leesburg, GA 31763
Phone: (229) 759-0406
Fax: (229) 759-0901
Email: leesburglawyer@gmail.com